IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SHARON STARCHER,

      Plaintiff,

v.                         Civil Action No: 1:12-01444

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This action is seeking review of the final decision of the Commissioner of Social Security.  By Standing Order, this case was referred to United States Magistrate Judge R. Clarke VanDervort to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On August 30, 2013, Magistrate Judge VanDervort issued his Proposed Findings & Recommendation ("PF&R") in this matter.  Judge Vandervort recommended that the court deny Plaintiff's Motion for Judgment on the Pleadings, grant Defendant's Motion for Judgment on the Pleadings, and affirm the final decision of the Commissioner. (Doc. No. 15).  Under 28 U.S.C. § 636(b)(1)(B), the parties had fourteen days, plus three mailing days, from the date of the filing of the PF&R to file objections.  On September 6, 2013, plaintiff timely filed objections to the PF&R.  (Doc. No. 16).

1

For the reasons that follow, the court will overrule plaintiff's objections.

I.   **Background**

The plaintiff, Sharon Starcher, filed an application for DIB on August 1, 2008, under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  Plaintiff alleged that she is disabled with an onset date of June 10, 2008.  This claim was denied initially and upon reconsideration.  (Tr. at 96-98, 105-07).  Plaintiff requested and received a hearing before an Administrative Law Judge (ALJ) held on June 3, 2010.  (Tr. at 53-93).  The ALJ determined that plaintiff has been disabled since July 9, 2010 rather than the alleged onset date of June 10, 2008, and awarded benefits accordingly.  (Tr. at 10-24). The Appeals Council subsequently denied plaintiff's request for review on April 11, 2012, thereby making the decision the final decision of the Commissioner.  (Tr. at 1-5).  Plaintiff sought judicial review of the administrative decision on May 8, 2012. (Doc. No. 1).  Because plaintiff was awarded benefits for the period beginning on July 9, 2010, the relevant disputed time period is from June 10, 2008 to July 8, 2010.

A detailed factual description of plaintiff's ailments and alleged disability can be found in the PF&R (Doc. No. 15 at 6-15) and in the ALJ's decision (Tr. at 10-24).  These descriptions adequately and faithfully summarize the factual

2

information in the entire record making it unnecessary to detail the medical evidence once more.  This opinion will only describe the facts as necessary to address plaintiff's specific objections.

**II.  <u>Standards of Review</u>**

The court's review of the Commissioner's decision is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).  Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"  <u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)).

With respect to the magistrate judge's PF&R, a party that disputes a PF&R "may serve and file specific written objections to the [PF&R]."  Fed. R. Civ. P. 72(b)(2).  This court is required to make a <u>de novo</u> determination of any part of the magistrate judge's PF&R that has been properly objected to.

3

Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C).

Any portion of the magistrate judge's PF&R that has not been

properly objected to is reviewed only for clear error, if at

all.  Compare Fed. R. Civ. P. 72 advisory committee notes ("When

no timely objection is filed, the court need only satisfy itself

that there is no clear error on the face of the record in order

to accept the recommendation."), with Thomas v. Arn, 474 U.S.

140, 149-52 (1985) ("Petitioner first argues that a failure to

object waives only de novo review, and that the district judge

must still review the magistrate's report under some lesser

standard.  However, § 636(b)(1)(C) simply does not provide for

such review.").

### III. **Plaintiff's Objections**

Plaintiff objects to Judge VanDervort's finding that the

Commissioner's decision was supported by substantial evidence

and his rationale for arriving at that conclusion.  (Doc. No.

15).  In doing so, plaintiff reiterates the arguments made in

plaintiff's brief in support of her complaint (Doc. No. 10).

Namely, plaintiff takes issue with the weight afforded to

several medical opinions and the general manner with which these

opinions were dealt with by the ALJ and the magistrate judge;

she contends that the ALJ improperly formulated a residual

functional capacity (RFC) without referencing any medical

4

evidence relied upon; and she posits that a hypothetical question posed to a vocational expert was improper because it did not contain all of plaintiff's mental restrictions, and the restrictions that were included were not based on the medical evidence. (Doc. No. 15). These objections build on one another, and therefore there is some overlap in the analysis. The court will address plaintiff's arguments in turn.

### a. Opinion Evidence

First, plaintiff asserts that the ALJ and subsequently the magistrate judge improperly weighed and assessed the opinions of several treating and examining sources. (Doc. No. 16 at 1). As a general matter, plaintiff appears to be asking this court to reweigh the medical evidence – a task that is not within the purview of this court. Hays, 907 F.2d at 1456. Defendant responds that the ALJ reasonably weighed the medical opinions in determining that plaintiff was not disabled prior to July 9, 2010. (Doc. No. 13 at 11-14). The magistrate judge determined that the ALJ's assessment of the medical opinions was supported by substantial evidence. (Doc. No. 15 at 18-23). After a de novo review, the court agrees with the magistrate judge and adopts his analysis with respect to these medical opinions.

An ALJ is obligated to evaluate and weigh medical opinions "pursuant to the following non-exclusive list: (1) whether the

physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (citing Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)). This is a nonexclusive list, and the ALJ may consider "other factors." see 20 C.F.R. § 404.1527(c)(6). Courts typically "accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson, 434 F.3d at 654 (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The treating physician rule, however, is not absolute, and may be disregarded if persuasive contradictory evidence exists to rebut it. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Although the Commissioner is authorized to give controlling weight to the treating source's opinion if it is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded

significantly less weight." Craig, 76 F.3d at 590.

Accordingly, "the ALJ holds the discretion to give less weight

to the testimony of a treating physician in the face of

persuasive contrary evidence." Hunter, 993 F.2d at 35.

Additionally, the regulations provide that the Commissioner

"will always give good reasons in our notice of determination or

decision for the weight we give your treating source's opinion."

20 C.F.R. § 404.1527(c)(2).

### i. Dr. Nusrath Hasan

Plaintiff underwent mental health treatment from Dr. Hasan

from January 2008 through April 2010. (Tr. at 283-90, 387-88,

432-36, 481-83). On April 29, 2010, Dr. Hasan completed a form

Ability to Do Work-Related Activities (Mental). (Tr. at 481-

82). Dr. Hasan's opinions generally precluded any gainful

employment for plaintiff because of her limitations including

her limited abilities to remember locations and work-like

procedures, to sustain an ordinary routine without special

supervision, to carry out simple instructions, to maintain

concentration, and to interact appropriately with other people,

among others. Id. Plaintiff complains that the ALJ "advanced

only one reason for discounting Dr. Hasan's opinion." (Doc. No.

16 at 2). Namely, plaintiff states that the ALJ only relied on

plaintiff's lifestyle in giving Dr. Hasan little weight.

Plaintiff relies on the fact that lifestyle is not a factor that

is enumerated in 20 C.F.R. § 404.1527(c), and even if it could be considered an "other factor", it "could not conceivably rebut a medical opinion unless those activities were somehow extreme." (Doc. No. 16 at 2).

Plaintiff's contention that the ALJ erred with respect to the assessment of Dr. Hasan's medical opinion is without merit on several fronts. First, contrary to plaintiff's protestations, lifestyle is absolutely a proper area of inquiry for an ALJ. Lifestyle is important in several respects. It goes to consistency. As the regulations state, "the more consistent an opinion is with the record as a whole, the more weight" will be given to that opinion. 20 C.F.R. § 404.1527(c)(4). Common sense tells us that record evidence which displays a lifestyle contrary to medical opinions can illustrate inconsistency. Lifestyle is also a proper area of inquiry as an "other factor." 20 C.F.R. 404.1527(c)(6). The regulations specifically state that the ALJ "will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion." Id.

Secondly, plaintiff's allegation that the ALJ only advanced the contrary lifestyle evidence as a reason for giving Dr. Hasan little weight is simply not correct. The ALJ also relied on the inconsistency of Dr. Hasan's medical opinions "with the rest of

the evidence in file, including Dr. Hasan's medication progress notes." (Tr. at 18).

A de novo review of the record reveals that the assessment of Dr. Hasan's medical opinions is supported by substantial evidence. Indeed, the evidence of plaintiff's lifestyle does contradict Dr. Hasan's opinions. For example, plaintiff visited with her grandson, attended church on a regular basis, attended and hosted family gatherings, shopped in stores, regularly drove, and made trips to Oregon and Morgantown. (Tr. at 77-81). It is true that her visits to Oregon and Morgantown were for her brother's funeral and to visit another ill brother, which are not exactly pleasant trips. (Tr. at 78-80). Nonetheless, this regular traveling combined with her other social interactions can reasonably be viewed as contradicting the notion that plaintiff is a recluse, incapable of performing simple tasks.

Plaintiff cites to Batts v. Sullivan, 818 F. Supp. 138 (E.D.N.C. 1993) for the proposition that performing tasks of daily living cannot form the basis for denying disability because the central issue is substantial gainful activities. Indeed, "[i]t is not necessary to a finding of disability that claimant be totally incapacitated." Id. at 140. Batts, however, does not support plaintiff's contention here. Batts involved a claimant who testified that she could do some household chores but could not mop or sweep, and her disability

claim was denied by the ALJ partly on that basis.  Id.  The
reviewing court determined that this was error.  Id.  The Batts
claimant alleged a physical disability, unlike plaintiff's
alleged mental disability.  The lifestyle evidence cited in this
case goes directly to plaintiff's mental capabilities and her
ability to interact well with others.  The lifestyle evidence in
Batts simply concerned the ability to do small chores around the
house which was not particularly probative of the claimant's
physical capabilities in that case.

Additionally, the inconsistencies between Dr. Hasan's
opinions and his treatment notes provide a sound basis for
giving little weight to those opinions.  A representative
example is the April 1, 2010 progress note.  (Tr. at 478-79).
The note indicates that plaintiff interacted well, presented
with appropriate speech and thought content, made direct eye
contact, denied suicidal or homicidal ideation, maintained a
normal stream of thought, had good insight and judgment, was
oriented in all spheres, had a fair memory, and had decreased
concentration.  Id.  Similar unremarkable findings are present
throughout Dr. Hasan's treatment notes.  See (Tr. at 283-85,
288, 387-88).  The degree of the limitations assessed by Dr.
Hasan were simply not congruent with his progress notes which
generally presented plaintiff as mentally stable.  As such, the
ALJ's determination that Dr. Hasan's opinions were inconsistent

with other record evidence is based on substantial evidence.
See Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008)(ALJ
acted properly in giving little weight to the opinion of a
treating psychologist where the opinion was inconsistent with
the psychologist's own treatment notes and other record
evidence).

### ii. **Twyla Hersman**

Counselor Twyla Hersman treated plaintiff for over a year
and provided a mental RFC assessment.  (Tr. at 438-55, 471-76,
485-86, 493-95).  Hersman assessed marked and extreme
limitations in many areas of social functioning, concentration,
persistence, and pace.  (Tr. at 493-95).  The ALJ gave Hersman's
opinions little weight because they were "inconsistent with the
rest of the evidence in file, including her counseling progress
notes . . . ."  (Tr. at 19).  Plaintiff alleges that the ALJ's
explanation for why she afforded little weight to Hersman was
"nothing more than a bare boned explanation which did not comply
with the regulations regarding treating source opinions."  (Doc.
No. 10 at 10).  Plaintiff cites O'Dell v. Astrue, 2:10-cv-00046,
2010 WL 5563572 (S.D.W. Va. Dec. 10, 2010) and Bolling v. Bowen,
682 F.Supp. 864 (W.D. Va. 1988) to support this contention, and
she takes issue with the manner in which the magistrate judge
dealt with these cases.

While the explanation of why the ALJ afforded little weight to Hersman is brief, it is clear from the ALJ's decision as a whole and from the substantial evidence why the ALJ determined that Hersman's opinion was not consistent.  Indeed, it is rationally inconsistent for the same reasons discussed above relating to Dr. Hasan's opinion.  That is, Hersman's opinions are not consistent with the lifestyle evidence discussed above, her own counseling notes, Dr. Hasan's treatment notes, and other pertinent medical evidence.  It would be redundant and unnecessary to require an ALJ to recite in great detail the reasons for discounting a treating source's opinion when such reasons are identical to those already offered.

The court is not convinced by plaintiff's citations to O'Dell and Bolling.  Bolling can be dispensed with easily.  That case involved what appeared to be a recurring situation where one particular doctor was never afforded weight.  The ALJ in Bolling stated that "'Dr. Nelson's reports are generally, and certainly in this case exaggerated and not substantiated by his own narrative findings or the medical reports from other physicians.'"  Id. at 865.  The reviewing court determined that this was error mainly because "[i]f Dr. Nelson's evidence is excluded, then there is no examining expert, and thus there is improper adjudication of Mr. Bolling's case."  Id.  These facts are simply not analogous to the instant case.  Unlike in Bolling

12

where "[t]here [was] nothing inherent in the report of Dr. Nelson to discredit it," the inconsistency of Ms. Hersman's opinion with the other record evidence is readily apparent in this case.

In O'Dell, Magistrate Judge Stanley found that the ALJ erred in rejecting treating source opinions where the ALJ failed to offer a sufficient explanation for rejecting the opinions, where the expert testimony initially supported the opinions, and where the ALJ rejected the opinions partly based on the claimant's lack of credibility.  O'Dell, 2010 WL 5563572 at *12. The court finds that the magistrate judge properly distinguished O'Dell in this case.  Here, the ALJ detailed the evidence relevant to her findings prior to making those findings, and her findings are clearly supported by that evidence.  There is no indication that this was the case in O'Dell.  As such, plaintiff's reliance on O'Dell is not convincing.  The ALJ considered Ms. Hersman's opinion according to the regulations, and the weight afforded to her opinion is supported by substantial evidence.

Plaintiff complains that the magistrate judge "cherry-picked among favorable comments in Ms. Hersman's records." (Doc. No. 16 at 3).  In a sense, it is the district court's job to "cherry-pick."  The court must scour the record to determine whether there is substantial evidence to support the ALJ's

findings.  This process can seem like "cherry-picking."  Yet, the fact that there are cherries to pick reveals that the ALJ's decision to give little weight to Ms. Hersman is supported by "more than a mere scintilla of evidence."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

### iii. Dr. Ahmed D. Faheem

Dr. Faheem examined plaintiff at the request of the Charleston, West Virginia Consolidated Public Retirement Board. (Tr. at 356-60).  Like Dr. Hasan and Ms. Hersman, Dr. Faheem assessed marked limitations in areas of social functioning, concentration, persistence, or pace.  Id.  Dr. Faheem determined that plaintiff was not capable of returning to her past job as a teacher's aide.  (Tr. at 359).  The ALJ gave Dr. Faheem's opinions little weight because they were inconsistent with his November 24, 2008 report and other record evidence.  (Tr. at 17).

Plaintiff again relies on O'Dell in arguing that the ALJ's analysis with respect to Dr. Faheem's opinion is flawed because it provides only "bare boned explanations."  Notably, however, Dr. Faheem is not a treating source.  Rather, he is an examining source.  And while normally the Commissioner will "give more weight to the opinion of a source who has examined" a claimant than to a non-examining source, there is no regulatory directive that the Commissioner always give good reasons for the weight

14

given to an examining source like there is with a treating source.  20 C.F.R. § 404.1527(c)(1)-(2).  Therefore, O'Dell is not particularly useful to the discussion of Dr. Faheem.  The court notes that it is good practice to provide such reasons so that a reviewing court can properly perform its role, and the ALJ did just that in this case.  The ALJ specifically pointed plaintiff to the November 24, 2008 report as the source of the inconsistency.  (Tr. at 17).  Like Dr. Hasan and Ms. Hersman, Dr. Faheem made essentially normal exam findings but assessed harsh mental limitations.  For example, Dr. Faheem found plaintiff to be at a 55-60 on the Global Assessment of Function (GAF) Scale.  (Tr. at 359).  This indicates that plaintiff only had moderate mental symptoms.  Nonetheless, Dr. Faheem assessed extreme limitations which would preclude employment.  (Tr. at 90).  This inconsistency supports the ALJ's determination that Dr. Faheem's opinion was entitled to little weight.

### iv. **State Agency Psychologists**

Two state agency psychologists – Dr. Holly Cloonan and Dr. Timothy Saar – reviewed the evidence available and completed psychiatric review technique forms.  (Tr. at 368-81, 406-19).  Dr. Cloonan found that plaintiff's severe mental impairments resulted in mild restrictions and difficulties.  (Tr. at 378).  Dr. Saar also found that plaintiff's depression resulted in mild restrictions and difficulties.  (Tr. at 413).  Dr. Saar did not

believe that plaintiff had any severe mental impairments, whereas Dr. Cloonan found that plaintiff's impairment was severe but not expected to last twelve continuous months.  (Tr. at 380, 403).

Plaintiff makes two contentions with respect to these opinions.  First, plaintiff contends that these opinions should have been given little weight because they contradict each other and are not supported by the record evidence.  (Doc. No. 16 at 7).  Simply because Dr. Cloonan stated that plaintiff's impairments were severe and Dr. Saar opined that they were not does not render these opinions contradictory.  The severity of plaintiff's impairments is a matter of degree.  A look at the two doctors' findings as to the consequences of plaintiff's impairments reveals consistency and similarity.  Both doctors assessed mild restrictions, and the weight afforded to these opinions is supported by these consistencies.

Secondly, plaintiff contends that these opinions should not be afforded any weight because they were formulated before the majority of evidence was available.  (Doc. No. 16 at 8).  Plaintiff relies on Fraley v. Astrue, 2:10-CV-00762, 2011 WL 2681647 (S.D.W. Va. July 11, 2011) in making this argument.  There, Magistrate Judge Stanley determined that the ALJ erred in relying on a nonexamining state agency medical source's opinion who "did not have the benefit of key medical evidence developed

16

after Claimant injured her shoulder." Id. at *7.  While plaintiff complains that the magistrate judge failed to address Fraley, the court finds that he did properly address plaintiff's contention.  Indeed, as the magistrate judge stated, plaintiff "has failed to demonstrate that the evidence was 'key evidence' in that it was critical to their decision making process." (Doc. No. 16 at 8).  The reference to "key evidence" is a direct reference to Fraley which involved such "key evidence." Additionally, the Third Circuit recently stated:

> [B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision.  The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.  Only where "additional medical evidence is received that <u>in the opinion of the [ALJ]</u> . . . may change the State agency medical . . . consultant's finding" . . . is an update to the report required.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).  The weight afforded to Dr. Cloonan and Dr. Saar is supported by substantial evidence.

### b. ALJ's RFC

The ALJ found that plaintiff's mental impairments resulted in mild limitations in maintaining activities of daily living and social functioning; mild to moderate limitations in maintaining concentration, persistence, or pace; and no episodes

of decompensation.  (Tr. at 19).  The ALJ determined plaintiff had the RFC to perform light work with several enumerated exceptions.  Id.  Plaintiff alleges that the ALJ erred by not referencing the evidence that she relied on in formulating plaintiff's RFC, and plaintiff cites several cases to support her contention that the magistrate judge failed to properly rectify this error.  (Doc. No. 16 at 9-11).  This objection is also without merit.

Plaintiff cites Beckman v. Apfel, CIV.A. WMN-99-3696, 2000 WL 1916316 (D. Md. Dec. 15, 2000), to support her contention. The magistrate judge in Beckman stated that she could not determine whether substantial evidence supported the ALJ's decision "because the ALJ has failed to indicate what evidence he specifically accepted or rejected in making his RFC finding; nor did he cite to relevant evidence he may have relied on to arrive at the finding." Id. at *6.  This general proposition also finds support in several other cases cited by plaintiff. See Boston v. Barnhart, 332 F. Supp. 2d 879 (D. Md. 2004); Farmer v. Astrue, C/A 3:08-739-CMCJRM, 2009 WL 3104043 (D.S.C. Sept. 23, 2009).  It simply does not apply here, however.  In formulating the RFC, the ALJ sufficiently detailed the medical evidence that supported her RFC assessment and articulated why she discounted other evidence in the file.  (Tr. at 13-22). Specifically, the ALJ's findings are consistent with Dr.

18

Cloonan's and Dr. Saar's psychiatric review technique forms.
(Tr. at 378, 413). As discussed above, the ALJ properly
afforded weight to these assessments, and they clearly formed
the basis for the ALJ's RFC. The court cannot assume that the
ALJ was simply making up an RFC out of thin air given that the
evidence detailed in her decision and the weight given to such
evidence supports her RFC assessment.

### c. **Vocational Expert's Testimony**

The ALJ asked the vocational expert, Rose Marie Cash, a
hypothetical question which included limitations precluding work
with the public, but allowing work with a small number of
people. (Tr. at 89). The ALJ further stated that it would be
best if plaintiff was not working cooperatively and interacting
with others. Id. Ms. Cash responded that plaintiff could not
perform her past relevant work as a teacher's aide, but that she
could perform other light, unskilled jobs such as a general
office clerk. Id. When asked by plaintiff's attorney whether
the limitations assessed by Dr. Faheem and Dr. Hasan would
eliminate that job base, Ms. Cash said that they would. Id.
Plaintiff raises two issues with respect to the testimony of the
vocational expert. (Doc. No. 16 at 11). First, plaintiff
contends that all of her mental restrictions were not
incorporated into the ALJ's hypothetical question. Id.

Secondly, plaintiff submits that the limitations that were included in the hypothetical question have no basis in the evidence.  Id.  Again, these objections fall short of requiring reversal or remand mostly for reasons already expressed.

As discussed above, the weight afforded to the opinions of Dr. Hasan, Ms. Hersman, and Dr. Faheem was supported by substantial evidence.  As such, the limitations assessed by these professionals were not required to be in the ALJ's hypothetical question to the vocational expert.  See 20 C.F.R. § 404.1527(d)(2) (stating that the assessment of a claimant's RFC is an administrative finding reserved to the Commissioner); see also Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 163 (3d Cir. 1986) ("The ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences.").  And again, as discussed above, the limitations assessed in the ALJ's RFC are supported by the evidence including the opinions of Dr. Saar and Dr. Cloonan, and the treatment and counseling notes of Dr. Hasan and Ms. Hersman. As such, the hypothetical question was proper.

## IV.  Conclusion

Plaintiff, in objecting to the PF&R, continues to point out conflicts in the evidence.  However, "the duty to resolve conflicts in the evidence rests with the ALJ, not with a

reviewing court." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). The ALJ resolved the conflicts in a manner unfavorable to plaintiff. On this record, a court would not direct a verdict in favor of plaintiff. Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972). Consequently, the ALJ's decision that plaintiff was not disabled from the alleged onset date of June 10, 2008 through July 9, 2010 is supported by substantial evidence.

The court notes that the ALJ could have been much more detailed with her reasons for affording the weight that she did to the various medical opinions discussed herein. See Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984) (noting that where a reviewing court cannot know why the ALJ rejected evidence in the record, remand is necessary to clarify the basis for denial of benefits). The court finds, however, that there is enough detail in the decision as a whole to determine the basis for the ALJ's decision. See Grant v. Astrue, 857 F. Supp. 2d 146, 153 (D.D.C. 2012) ("Although [claimant] asserts the ALJ did not explain what evidence was found to be inconsistent, it is clear from the ALJ's decision as a whole . . . why the ALJ found [the treating physician's] opinion to be not well-supported and inconsistent with other evidence in the record.").

Accordingly, for the reasons set forth above, the court **OVERRULES** plaintiff's objections to Magistrate Judge

VanDervort's PF&R.  The court adopts the factual and legal
analysis contained within the PF&R to the extent that it is not
inconsistent with this Memorandum Opinion, **DENIES** Plaintiff's
Motion for Judgment on the Pleadings (Doc. No. 10), **GRANTS**
Defendant's Motion for Judgment on the Pleadings (Doc. No. 13),
**AFFIRMS** the final decision of the Commissioner, and **DISMISSES**
this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum
Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 2nd day of October, 2013.

ENTER:

David A. Faber
Senior United States District Judge